# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CINDY SIOUX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. CIV-05-0300-HE |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

In this action plaintiff Cindy Sioux alleges she was subjected to a hostile work environment and constructively discharged by her former employer, Target Corporation, in violation of the Age Discrimination in Employment Act ("ADEA"). This matter is before the court on defendant's motion for summary judgment. Summary judgment is appropriate if the pleadings, affidavits, and depositions "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. Board of Education v. Pico, 457 U.S. 853, 863 (1982). Nonetheless, a party opposing a motion for summary judgment may not simply allege that there are disputed issues of fact; rather, the party must "set out *specific* facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2) (emphasis added). *See also*, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Mere conclusory allegations, without evidentiary support, do not create a genuine issue of fact. L&M Enters., Inc. v. BEI Sensors & Sys. Co., 231 F.3d 1284, 1287 (10th Cir. 2000).

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). In addition, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court, however, may not make determinations of credibility nor weigh evidence, and must disregard all evidence favorable to the movant that the trier of fact would not be required to believe. Gossett v. Oklahoma, 245 F.3d 1172, 1175 (10th Cir. 2001).

The background facts as to plaintiff's employment are undisputed. Plaintiff was initially employed by Target from 1975 until she resigned in 1981. When she resigned in 1981, plaintiff was a Customer Service Manager, which Target now refers to as an Executive Team Leader ("ETL") - Guest Services. In 1983, plaintiff again returned to employment with Target in the same position. Plaintiff worked at Target store T-218 in Oklahoma City from her return until March 2002 when she transferred store T-44, also in Oklahoma City. On December 11, 2003, plaintiff submitted a "Voluntary Termination" form indicating that her last day of work would be December 19, 2003. Exhibit 1-11 to Defendant Target Corporation's Motion for Summary Judgment at 1 [Doc. #114] (hereinafter cited as

"Defendant's Motion"). The form reflected that plaintiff was "changing careers & retiring from retail" after 27 years. Id. at 2.

On October 8, 2004, plaintiff executed a General Intake Questionnaire at the Oklahoma City office of the Equal Employment Opportunity Commission ("EEOC"). Exhibit 1-4 to Defendant's Motion. The Questionnaire reflects that it was received by the EEOC at 3:10 p.m. on October 8, 2004. Id. In the Questionnaire, plaintiff stated:

> I was a long term employee getting an "EXCELLENT" score on my annual performance reviews. I was transferred to another store and within a 3 month time frame I received a "NOT MEETING EXPECTATIONS" performance review. This was a pattern of age discrimination against people over the age of 40 with long tenures of employment who were placed on a list to be removed from employment by whatever means necessary. I felt pressured to leave because of my age.

Id. at 3. In response to the question, "[w]hat are your expectations of filing this charge? What do you want to happen (reinstatement, policy change, promotion, back pay, etc)?", plaintiff wrote "policy change and any pertinent damages rewarded". Id. at 5. In the Discharge Questionnaire,[1] plaintiff indicated that the "date that the discriminatory conduct took place" was August 2002. Exhibit 1-5 to Defendant's Motion at 1. On October 13, 2004, plaintiff filed a formal charge of age discrimination with the EEOC. Exhibit 1-3 to Defendant's Motion. In the charge, plaintiff alleged that she

> was serving as an Executive Team Leader of Guest Services when I was forced to quit my job on December 19, 2003 due [to]

---

[1] There is no indication in the record when the Discharge Questionnaire was completed as it is not dated.

> the following discriminatory actions taken by my District Team Leader, Brad Busby, from December 2001 to November 2003 and his replacement Stacy Ryan from December 2003: a reduced performance rating (despite years of more than exceeding the standard); increased verbal criticism of my job performance (nitpicking), and the assignment of unrealistic job performance goals.
>
> I had known for years that the company had developed a Succession Planning List which targeted employees for phasing out and/or termination. This list disproportionately targeted employees in the protected age group. I believe that I had been placed on the list around June [or] July of 2003 and subsequently the adverse treatment began to happen to me.

Id.

The ADEA makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age". 29 U.S.C. § 623(a)(1). To survive summary judgment, plaintiff must present sufficient evidence to raise a triable issue of fact as to whether "age was the 'but-for' cause of the challenged adverse employment action." Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2343, 2345 (2009). Defendant contends plaintiff cannot prevail because (1) she failed to exhaust her hostile work environment claim;[2] (2) her constructive discharge claim is untimely; (3) she cannot establish that she was constructively discharged; and (4)

---

[2]*In her response to defendant's motion, plaintiff clarified she is not asserting claims of discrimination based on demotion and failure to transfer her to another store. Plaintiff Cindy Sioux's Response to Defendant Target Corporation's Motion for Summary Judgment at 19 n.7 [Doc. #122] (hereinafter cited as "Plaintiff's Response"). Instead, she contends these allegations are "background evidence" in support of her hostile environment claim. Id.*

she cannot otherwise establish a *prima facie* case of discrimination under the *McDonnell Douglas*[3] burden-shifting analysis.

The court concurs with defendant's assessment that plaintiff did not exhaust her hostile work environment claim. Exhaustion of administrative remedies is a jurisdictional prerequisite to filing an action under the ADEA. Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1306 (10th Cir. 2005). In determining whether a claim has been exhausted, the court examines "the scope of the allegations raised in the EEOC charge because '[a] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC.'" Jones v. United Parcel Serv., Inc., 502 F.3d 1176, 1186 (10th Cir. 2007) (citation omitted). Although the EEOC charge is liberally construed, the court may not supply language that does not exist; rather, in order to conclude that exhaustion has occurred, the court must find that the charge contains facts supporting the claim in question. Id. Having reviewed plaintiff's formal charge as well as the two Questionnaires completed by plaintiff, the court concludes she did not assert a claim for hostile work environment before the EEOC. *See* Exhibits 1-3, 1-4, and 1-5 to Defendant's Motion. Nothing in these documents hints that plaintiff was complaining about a "workplace . . . permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." Hall

---

[3]*McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).*

v. United States Dep't of Labor, Admin. Review Bd., 476 F.3d 847, 851 (10th Cir.), *cert. denied*, 552 U.S. 993 (2007) (quotation omitted). Rather, the documents refer only to a reduced performance review, allegedly unfair oral criticism of her work performance, and the assignment of unrealistic goals. There are no allegations of ageist comments or anything approaching a pervasively ageist atmosphere. The hostile work environment claim must, therefore, be dismissed for lack of jurisdiction.

In contrast to the unexhausted hostile work environment claim, plaintiff did file a charge of discrimination alleging she was constructively discharged. Defendant, however, contends the charge was not timely filed and so must be dismissed. The timely filing of a charge with the EEOC is not a jurisdictional prerequisite. It is, however, "a condition precedent to suit and thus a burden for plaintiffs to carry." Montes v. Vail Clinic, Inc., 497 F.3d 1160, 1167 (10th Cir. 2007) (citation omitted).[4] To be timely, a charge of discrimination must be filed with the EEOC within 300 days of the alleged discriminatory act. 29 U.S.C. § 626(d)(1)(B); Bennett v. Coors Brewing Co., 189 F.3d 1221, 1234 (10th Cir. 1999). Analysis of the timeliness of plaintiff's constructive discharge claim thus requires the court to determine when that claim accrued.

While the Court of Appeals for the Tenth Circuit has not addressed the issue of when a constructive discharge claim accrues, it has held that constructive discharge claims "should

---

[4]*Although* Montes *arose in the Title VII context, "the filing provisions of the ADEA and Title VII are virtually in haec verba, the former having been patterned after the latter."* E.E.O.C. v. Commercial Office Prods. Co., *486 U.S. 107, 123-24 (1988) (quotation omitted).*

not be treated differently from any other adverse employment decision." Hulsey v. Kmart, Inc., 43 F.3d 555, 558 (10th Cir. 1994). A claim of employment discrimination accrues on the date the employee receives notice of the adverse employment decision, not at the time the consequences of the decision are felt. *See* id. at 557. In actual discharge cases, the time for filing a charge with the EEOC commences on the date the employer gives definitive notice of the decision to discharge. *See* Delaware State College v. Ricks, 449 U.S. 250, 258 (1980). In constructive discharge cases, however, the *employer* is not the party giving notice; rather, it is the employee who decides when quitting becomes the only option. The court concurs with the reasoning of the Court of Appeals for the Second Circuit in Flaherty v. Metromail Corp., 235 F.3d 133 (2d Cir. 2000), that the date a constructive discharge claim accrues is

> the date when she gave definite notice of her intention to retire, and the rule should be the same in all cases of constructive discharge. This is essentially the converse of the discriminatory discharge case where the date the employer gives notice of termination to the employee is controlling for purposes of accrual. In the case of constructive discharge, it is only the employee who can know when the atmosphere has been made so intolerable by the discrimination-motivated employer that the employee must leave.

Id. at 138. In this case, plaintiff gave defendant definitive notice on December 11, 2003 of her intent to retire. It is from this date, rather than her last day of work, that the 300-day period runs. Id. at 139. *See also* Ricks, 449 U.S. at 259 (limitations period began running when employee was informed of the denial of tenure, not from the date last employed). The fact that plaintiff gave her employer eight days notice does not alter the fact that as of

7

December 11, 2003 she had determined that her working conditions were so intolerable that she no choice but to resign. Three hundred days from December 11, 2003 is October 6, 2004. Plaintiff, however, did not file anything with the EEOC until October 8, 2004.[5] Her constructive discharge claim is thus untimely.

Plaintiff nonetheless argues that she "attempted to file her Charge of Discrimination even before she submitted her EEOC Questionnaires on October 8, 2004." Plaintiff's Response at 22. In support of this assertion, she cites the following testimony from her deposition:

> Q. When did you file your charge of discrimination?
>
> A. Towards – I don't remember the exact date, but it was towards the end of 2004.
>
> Q. Tell me about that process?
>
> * * *
>
> A. The day that I went in there it was late in the afternoon, and they basically told me that they didn't have time, they didn't have anybody available that I needed to come back. So I went back and I filled out the paperwork, and I spoke with a gentleman, I can't remember his name, where he typed up the form.
>
> Q. Okay. Did you fill out an intake questionnaire?
>
> * * *

---

[5]The court finds that the General Intake Questionnaire constitutes a charge of discrimination as it contained an allegation of discrimination, the name of the charging party and her employer, and could reasonably be construed as a request for the EEOC to take remedial action on her behalf. See Federal Express Corp. v. Holowecki. 128 S. Ct. 1147, 1157-58 (2008).

A. Yes.

Exhibit 3 to Plaintiff's Response at 94-5. This testimony, however, does not reflect that plaintiff visited the offices of the EEOC prior to October 8, 2004. Rather, the testimony appears to demonstrate that plaintiff's first visit to the EEOC was on October 8, 2004 and that she filled out the intake questionnaires on this visit.[6] Regardless, it is undisputed that plaintiff did not comply with the statutory requirement that she *file* a charge with the EEOC until that date. It is plaintiff's obligation to demonstrate the timeliness of her filing with the EEOC. Montes, 497 F.3d at 1167. Based on the record supplied to the court, she has not done so.[7]

As plaintiff failed to meet the filing deadline and defendant did not waive that requirement, defendant is entitled to summary judgment on this issue. Based on the court's rulings on the exhaustion and limitations issues, the court need not address defendant's contentions that plaintiff cannot establish that she was constructively discharged or that the discharge was the result of age discrimination.

In sum, Defendant Target Corporation's Motion for Summary Judgment [Doc. #114] is **GRANTED**. Judgment will issue accordingly.

---

[6]*The EEOC date and time stamp reflecting that the General Intake Questionnaire was received at 3:10 p.m. on October 8, 2004 is likewise consistent with plaintiff's testimony that her first visit to the EEOC was "late in the afternoon". Exhibit 3 to Plaintiff's Response at 95.*

[7]*It is not clear if plaintiff is arguing for equitable tolling of the 300-day period. Regardless, however, she would not be entitled to tolling of the limitations period because she has not established "active deception" on the part of her employer or the EEOC. Hulsey, 43 F.3d at 557.*

9

**IT IS SO ORDERED.**

Dated this 22nd day of July, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE